# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| **FREDDIE FRANCY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| **SHUTTS & BOWEN, LLP, ET AL.,** | ) | **(State Court No. 20CA-CC00062,** |
| | ) | **Circuit Court of Cass County)** |
| **Defendants.** | ) | |

## NOTICE OF REMOVAL

Defendants Wyndham Vacation Ownership, Inc. ("WVO") and Wyndham Vacation Resorts, Inc. ("WVR") (WVO and WVR together, the "Wyndham Defendants"), by and through their counsel, hereby give their notice of removal of this action to the United States District Court for the Western District of Missouri from the Circuit Court of Cass County, Missouri, Case No. 20CA-CC0062. The Wyndham Defendants remove this case without waiving, but reserving, all procedural and substantive rights and defenses. The Wyndham Defendants state the following in support of their Notice of Removal:

**I.    PRELIMINARY STATEMENT**

1.     M. Scott Montgomery, Esq. filed this case on behalf of Plaintiff Freddie Francy, a resident of Cass County, Missouri.

2.     In December 2018, the Wyndham Defendants filed a lawsuit against Mr. Montgomery, and others, in Federal Court in the Middle District of Florida. *See Wyndham Vacation Ownership, Inc., et al v. The Montgomery Law Firm, LLC, et al*, Case No. 8:19-cv-01895, (United States District Court for the Middle District of Florida, Tampa Division) ("Wyndham Litigation"). The Wyndham Defendants are represented in the Wyndham Litigation

by its co-defendants in this case, Shutts & Bowen LLP ("Shutts"), and, specifically, attorneys Alfred J. Bennington, Jr., Glennys Ortega Rubin, Daniel J. Barsky, and Jonathan P. Hart.

3. This case is the second time that Mr. Montgomery has sued the Wyndham Defendants and Shutts for abuse of process based on the filing of the Wyndham Litigation. In his first attempt, Mr. Montgomery, in his individual capacity and as named plaintiff, asserted abuse of process claims against WVO and Shutts. Judge Harpool dismissed the claims, *with prejudice*, holding that Mr. Montgomery's abuse of process "claim is wholly barred by the litigation privilege" under Florida law and that Mr. Montgomery "has no chance of obtaining relief" for an abuse of process claim. *See* September 3, 2019 Order at 8, *Montgomery v. Wyndham Vacation Ownership, Inc., et al.,* Case No. 6:19-cv-03135-MDH, and *Newcomb v. Wyndham Vacation Ownership, Inc. et al.*, Case No. 6:19-cv-03134-MDH, *appeals pending*, Nos. 19-3109 and 19-3111.

4. Having failed in his attempt to assert an abuse of process claim directly, Mr. Montgomery now attempts to assert the same claim vicariously through Mr. Francy, who has no connection whatsoever to the Wyndham Litigation or the specified law firm defendants. These claims are frivolous. To be clear, neither the Wyndham Defendants, nor Shutts or its attorneys, served any process against Plaintiff. Instead, the sole basis of this lawsuit appears to be Mr. Montgomery's desire to harass the Wyndham Defendants and their counsel with unfounded, duplicative, vexatious litigation for pursuing the Wyndham Litigation.

5. These claims, and Plaintiff's other claims against the Wyndham Defendants, are briefly discussed below in the context of removal. Additional motion papers more fully dissecting these and other claims will shortly follow. Regardless, subject matter jurisdiction in this Court is proper for the reasons set forth below.

## II. NATURE OF THE DISPUTE

6. On March 10, 2020, Plaintiff filed a Petition in the Circuit Court of Cass County, Missouri, Case No. 20CA-CC00062, in a case captioned, *Freddie Francy* v. *Shutts & Bowen LLP, Daniel J. Barsky, Alfred J. Bennington, Jr., Glennys Ortega Rubin, Jonathan P. Hart, Wyndham Vacation Ownership, Inc. and Wyndham Vacation Resorts, Inc.* (the "State Court Action"). *See* State Court Action documents, including Plaintiff's Petition, attached as **Exhibit A**.

7. Plaintiff alleges he entered into a contract with WVR on or around June 9, 2017, to purchase a timeshare.

8. Plaintiff's Petition asserts causes of action against the Wyndham Defendants alleging violations of the Missouri Merchandising Practices Act, §407.025, R.S.Mo. ("MMPA"), rescission of contract, and alleged violations of §407.1249, R.S.Mo. (failure to register as a "travel club"). Plaintiff's Petition further alleges, on his own behalf and on behalf of a putative class, violations of §484.010, R.S.Mo. (unauthorized practice of law), MMPA violations, a claim for rescission of contract, and a claim for money had and received. Plaintiff's Petition further alleges, on his own behalf and on behalf of a putative class, against the Wyndham Defendants and the other named Defendants—Shutts & Bowen LLP, Daniel J. Barsky, Alfred J. Bennington, Jr., Glennys Ortega Rubin, and Jonathan P. Hart (collectively, the "Shutts Defendants") (the Wyndham Defendants and the Shutts Defendants collectively, "Defendants"), claims for abuse of process and "prima fascia (sic)" tort.

9. A copy of the Summons and Petition that was served on the Wyndham Defendants on March 26, 2020, is attached hereto. *See* Exhibit A.

10. The Wyndham Defendants have not filed any responsive pleading in the State

Court Action, but deny liability as to all of Plaintiff's claims.

### III. REMOVAL IS PROPER BASED ON DIVERSITY OF CITIZENSHIP

11. Under 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions based on diversity of the parties.

12. Under 28 U.S.C. §§ 1441 and 1446, Congress has granted defendants the statutory right to remove a case from a state court to a United States district court where that case originally could have been filed. *See* 28 U.S.C. § 1441(a). Article III, Section 2, of the United States Constitution extends original jurisdiction to the federal courts over controversies "between citizens of different states." U.S. Const. art. III, § 2; *see also* 28 U.S.C. § 1332(a)(1).

13. The fact the Plaintiff seeks class action certification with two proposed classes (one class against the Wyndham Defendants and one class against all Defendants) has no bearing on the jurisdictional analysis at this stage. Citizenship for purposes of diversity jurisdiction in a proposed class action depends solely on the citizenship of the named parties. *Reece v. Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir. 2014). Mr. Francy, a Missouri citizen, is the only named plaintiff.

14. As shown below, removal is proper in this case because complete diversity of citizenship exists between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.

#### A. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

15. There is complete diversity of citizenship in this case.

16. Plaintiff alleged that he resides in, and is a citizen of, Missouri. *See* Petition, ¶1, Ex. A.

17. Defendant Shutts & Bowen LLP is a limited liability partnership organized under

Florida law. *See* **Exhibit B**. The citizenship of unincorporated entities, such as an LLP, is the citizenship of each member, partner or owner. *See Americold Realty Trust v. Conagra Foods, Inc.,* 136 S.Ct. 1012, 1015 (2016). All the equity partners (owners) of Shutts & Bowen LLP are Florida citizens. *See* **Exhibit B**. None is a Missouri citizen. *See id.*; *Americold*, 136 S.Ct. at 1015. There is no allegation to the contrary, and any such allegation would be without basis.

18. Defendants Daniel J. Barsky, Alfred J. Bennington, Jr., Glennys Ortega Rubin, and Jonathan P. Hart are all attorneys with Shutts & Bowen LLP and are all citizens of Florida. *See* Declarations of Barsky, Bennington, Ortega Rubin, and Hart, all attached as **Exhibit C**.

19. Wyndham Vacation Resorts, Inc. and Wyndham Vacation Ownership, Inc. are both Delaware corporations with their principal places of business in Florida. *See* Declaration of Carlos Clark and WVO and WVR's Corporate Disclosures filed recently in another federal case, attached hereto as **Exhibit D**. WVR and WVO are, therefore, citizens of the States of Delaware and Florida. *See* 28 U.S.C. § 1332(c).

### B. THE JURISDICTIONAL AMOUNT IN CONTROVERSY IS SATISFIED

20. "The district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). The party seeking removal has the burden to prove the requisite amount by a preponderance of the evidence. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009) (citation omitted). Once this burden is met, the opponent to removal must "establish to a legal certainty that the claim is for less than the requisite amount." *Id.*

21. Plaintiff alleges he purchased a timeshare interest "for over $134,000." Petition ¶19.

Rescission

22. Plaintiff seeks equitable relief. Specifically, Plaintiff contends he is entitled to rescission of the contract he entered into with Defendant WVR for "over $134,000." *See* Petition, Ex. A.

23. Here, the sales price of the timeshare contract that Plaintiff seeks to rescind—thus recovering past payments and avoiding future payments—exceeds $134,000. That amount does not include maintenance fee obligations, which are additional and ongoing in nature. Accordingly, in terms of the equitable relief sought, the amount in controversy is, at a minimum, $135,862.54. *See* Correspondence from Plaintiff's counsel dated February 18, 2020, attached to Petition, Ex. A.

Missouri Merchandise Practices Act (MMPA) Damages

24. Plaintiff further avers that the Wyndham Defendants violated the MMPA based on allegations of unlawful sales tactics that included the unauthorized practice of law and sale of interests in supposedly unregistered "travel clubs" under Missouri law. *See* Ex. A.

25. Plaintiff seeks all damages available under the MMPA. *See* Mo. Rev. Stat. § 407.025.1 (allowing a plaintiff to recover compensatory and punitive damages with attorney's fees on a MMPA claim).

26. When analyzing the jurisdictional amount, punitive damages and attorney's fees may be considered along with the actual damages. *See Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766-67 (8th Cir. 2001) ("Punitive

damages, of course, may be used to establish diversity jurisdiction. . . . [Also,] [s]tatutory attorney fees do count toward the jurisdictional minimum for diversity jurisdiction.").

27. Evidence of verdicts in cases alleging similar causes of action may satisfy the burden of showing the amount in controversy. *Conner v. Minnesota Life Ins. Co.*, 2015 WL 13404335, at *1 (W.D. Mo. Sept. 2, 2015).

28. For the following reasons, Plaintiff could receive an award of more than $75,000 for his MMPA claims, though the Wyndham Defendants deny and any all liability for such claims, or that Plaintiff is entitled to any relief.

*Compensatory Damages under the MMPA*

29. "Section 407.025.1 allows a plaintiff who has 'suffer[ed] an ascertainable loss of money or property' as a result of a breach of the MMPA to recover 'actual damages.' " *Shiplet v. Copeland*, 450 S.W.3d 433, 441 (Mo. Ct. App. 2014). "Although no Missouri cases outline the method the court should use in determining actual damages in an unlawful merchandising practices case," Missouri courts typically measure actual damages "using the lost benefit of the bargain rule." *Id.* Further, consequential damages are "those damages naturally and proximately caused by the commission of the breach and those damages that reasonably could have been contemplated by the defendant at the time of the parties' agreement." *Ullrich v. CADCO, Inc.*, 244 S.W.3d 772, 779 (Mo. Ct. App. 2008).

30. Plaintiff will presumably seek the purchase price for the contract. *See* Exhibit A.

*Attorney's Fees Awarded in MMPA Claims*

31. Under the MMPA, a prevailing plaintiff may recover attorney's fees "based on the amount of time reasonably expended." Mo. Rev. Stat. § 407.025.1.

32. In this case, it is likely that a significant amount of attorney time will be expended

7

by both sides before the case is ready for resolution, particularly given that Plaintiff seeks class certification and many of the Wyndham Defendants' expected or likely witnesses reside outside of Missouri. Further, the use of experts might be necessary for each side, with each expert needing to be deposed. Thus, considerable attorney's fees will be incurred considering the depositions to be taken, potential motion practice, written discovery, and trial. *See* Mo. Rev. Stat. § 407.025.1.

33. Fee awards can sometimes eclipse compensatory damage awards in MMPA cases. *See, e.g.*, *Selleck v. Keith M. Evans Ins., Inc.*, 535 S.W.3d 779, 781-83 (Mo. Ct. App. 2017) (jury awarded a verdict of $10,000 on the plaintiff's MMPA claim, and the trial court calculated reasonable attorney's fees to be $23,800 for that claim).

*Punitive Damages in MMPA Claims*

34. Plaintiff seeks punitive damages and avers that the Wyndham Defendants' conduct was "outrageous, corrupt, and intentional." *See* Petition, ¶ 77, Ex. A. While the Wyndham Defendants vigorously dispute the allegations asserted in the Petition, verdicts in other MMPA cases demonstrate the possibility that a punitive damages award in excess of $75,000 could occur:

- In *Lewellen v. Franklin*, 441 S.W.3d 136 (Mo. banc 2014), the Supreme Court of Missouri affirmed an award of $1,000,000 in punitive damages on an MMPA claim with $25,000 in actual damages.

- In *Kerr v. Vatterott Educ. Ctrs., Inc.*, 439 S.W.3d 802 (Mo. Ct. App. 2014), the court affirmed the award of $2,078,679.80 in punitive damages on a compensatory damages award of $27,696.76 and remanded the matter to the trial court to award appellate attorney's fees, as well.

8

- In *Peel v. Credit Acceptance Corp.*, 408 S.W.3d 191, 213 (Mo. Ct. App. 2013), a Missouri state court jury awarded $11,007.81 in compensatory damages on an MMPA claim with $1,187,505 in punitive damages, which was later reduced to $881,789.05.

- In *Baker v. NNW, LLC*, No. 15-00222-CV-W-GAF, 2015 WL 12843831, at *2 (W.D. Mo. June 1, 2015), the court concluded that, if there are $645,702.33 in actual damages, then it is possible for the plaintiffs to recover $215,234.11 in attorneys' fees and $4,139,064.56 in punitive damages on an MMPA claim.

35. Factoring in the potential for punitive damages and attorney's fees, Plaintiff's MMPA claims meet the jurisdictional threshold.

## Abuse of Process Damages

36. Plaintiff also avers that all Defendants used legal process in a way that was improper, unwarranted or unauthorized by law. Defendants vigorously dispute all of these allegations. Nevertheless, Plaintiff's abuse of process allegations further contribute to and satisfy the jurisdictional amount in controversy requirement based upon the allegations in the Petition. *Cf. Guirl v. Guirl*, 708 S.W.2d 239, 244 (Mo. App. E.D. 1986) (jury awarded the counterclaimant compensatory damages in the amount of $43,151 and $50,000 in punitive damages on abuse of process claim).

37. While Defendants dispute that Plaintiff is entitled to any recovery, for removal purposes, the Wyndham Defendants have plausibly shown in this Notice of Removal that the amount of the controversy exceeds $75,000 for Plaintiff's claims. Therefore, the jurisdictional threshold set by 28 U.S.C. § 1332 has been established by a preponderance of the evidence.

### III. THIS NOTICE OF REMOVAL IS PROCEDURALLY PROPER

38. This Notice of Removal is timely because it was filed within thirty (30) days after the receipt of the Petition in the State Court Action by the Wyndham Defendants. 28 U.S.C. § 1446(b).

39. This action is not one which is described in 28 U.S.C. § 1445.

40. The Circuit Court of Cass County, Missouri, is located within this District and Division.

41. WVO and WVR obtained consent for removal of this case to federal court from the Shutts Defendants. *See* **Exhibit E,** attached hereto.

42. Promptly after filing this Notice of Removal, the Wyndham Defendants will file a copy of the Notice of Removal with the Circuit Court of Cass County, Missouri, and will serve a copy on all counsel of record. *See* 28 U.S.C. §§ 1446(a) and (d).

43. The Wyndham Defendants are not aware of any other process, pleadings, or other materials served upon the Defendants in the State Court Action, other than those included in Exhibit A attached hereto.

44. Accordingly, removal of the State Court Action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 is proper because this Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendants Wyndham Vacation Ownership, Inc. and Wyndham Vacation Resorts, Inc. remove the above-captioned civil action from the Circuit Court of Cass County, Missouri, to the United States District Court for the Western District of Missouri, and for any further relief the Court deems just and proper.

Respectfully Submitted,

ARMSTRONG TEASDALE LLP


BY: */s/ Darren K. Sharp*
    David A. Jermann     #51389
    Darren K. Sharp     #50841
    Brian M. Nye     #69545
    2345 Grand Boulevard, Suite 1500
    Kansas City, Missouri 64108
    (816) 221-3420
    (816) 221-0786 (facsimile)
    djermann@atllp.com
    dsharp@atllp.com
    bnye@atllp.com

Attorneys for Defendants Wyndham Vacation Ownership, Inc. and Wyndham Vacation Resorts, Inc.

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing document was filed electronically with the Court's CM/ECF System, with notice of same being sent to all attorneys of record this 9th day of April, 2020.

    */s/ Darren K. Sharp*
    Attorney for Defendants WVO and WVR